IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KIMBERLY CLARK,**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**DEWEY COUNTY, OKLAHOMA**, a political subdivision which is sued in the name of the Board of County Commissioners for Dewey County, Oklahoma,<br><br>　　　　Defendant. | Case No.  CIV-21-1173-F |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and hereby pleads her claims as follows:

## PARTIES

1. The Plaintiff is Kimberly Clark, an adult resident of Dewey County, Oklahoma.

2. The Defendant is Dewey County, Oklahoma, a political subdivision which is sued in the name of the Board of County Commissioners for Dewey County, Oklahoma, a governmental entity operating in Dewey

County, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff's claims are for unpaid wages, including unpaid compensatory time, in addition to retaliation for complaints of unpaid wages in violation of the Fair Labor Standards Act ("FLSA") and Oklahoma's Protection of Labor Act ("OPLA").

4. All of the acts complained of herein occurred in Dewey County. Plaintiff worked out of Dewey County, Oklahoma, and the Defendant may be served in that county. Dewey County is within the Western District of Oklahoma. Wherefore, venue is proper in this court.

## STATEMENT OF FACTS

5. Defendant is a governmental subdivision of the State of Oklahoma and is an employer as defined by the FLSA and OPLA.

6. Plaintiff was employed by the Defendant, specifically by the Dewey County Assessor's office, from around April 1, 2018, until her termination on or around December 18, 2020. At the time of her

termination, Plaintiff was a deputy clerk.

7. Plaintiff was paid $21.62 per hour at the time of her termination.

8. Plaintiff would regularly work thirty-five (35) hours per week.

9. Defendant's policies allow for compensatory time in lieu of overtime pay.

10. Defendant closed due to inclement weather in December 2020. However, Plaintiff's supervisor, Jennifer McCormick, required Plaintiff and her coworker to work a full day from home.

11. Defendant did not pay Plaintiff for working the full day.

12. Plaintiff complained to Ms. McCormick that Defendant failed to pay her for that work, however Ms. McCormick refused to provide compensatory time as required by Defendant's policies.

13. On the following date, Ms. McCormick demanded Plaintiff work extra time from home, beginning at 8:00 a.m., instead of 10:00 a.m., when the courthouse would be open.

14. Plaintiff again requested that she be paid compensatory time as required by Defendant's policies for performing such work.

15. Ms. McCormick refused to allow Plaintiff her compensatory time again.

16. On the following day, Ms. McCormick demoted Plaintiff to part time due to her refusal to work without pay.

17. Such demotion was in retaliation for Plaintiff's protected complaints of Defendant's failure to pay wages as required under state and federal law.

18. Plaintiff declined the promotion, which would remove her benefits and cut her pay in half.

19. Ms. McCormick fired Plaintiff on or around December 18, 2020, alleging Plaintiff was insubordinate.

20. Such reason is pretextual in that Plaintiff was entitled to the pay she requested of Defendant, and it was not insubordinate to request such compensation.

21. As a direct result of Defendant's actions Plaintiff has suffered lost wages (including back, present and front pay along with the value of benefits associated with such wages).

22. Failure to pay wages according to Defendant's policies is a violation of

the OPLA. Failure to pay Plaintiff's compensatory time, in lieu of overtime wages, is a violation of the FLSA.

23. Under the FLSA and the OPLA, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination, as well as the wages and benefits owed her for time worked that was unpaid.

24. Under the FLSA and the OPLA, respectively, the Plaintiff is also entitled to recover liquidated damages in the same amount as her lost wages and benefits.

25. Under the FLSA and the OPLA, Plaintiff is also entitled to her attorney's fees and costs.

## **PRAYER**

Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant and grant them all compensatory damages suffered together with liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 10th DAY OF DECEMBER, 2021.**

*s/Leah M. Roper*
_____

Leah M. Roper, OBA # 32107

THE CENTER FOR EMPLOYMENT LAW

1133 N. Portland Ave.

Oklahoma City, OK 73107

Telephone: 405.252.1180

Leah@CenterForEmploymentLaw.com

ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**