# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBERLY CLARK, | ) |
|       Plaintiff, | ) |
| -vs- | ) Case No. CIV-21-1173-F |
| DEWEY COUNTY, OKLAHOMA, a political subdivision which is sued in the name of the Board of County Commissioners for Dewey County, Oklahoma, | ) |
|       Defendant. | ) |

## ORDER

In December of 2021, plaintiff Kimberly Clark filed this action against defendant Dewey County, Oklahoma, alleging claims for unpaid wages and retaliation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and Oklahoma's Protection of Labor Act ("OPLA"), 40 O.S. § 165.1, *et seq*. After engaging in discovery with respect to the claims, defendant has moved for summary judgment and plaintiff has moved for partial summary judgment. *See*, doc. nos. 31 and 33. Briefing on both motions is complete. *See*, doc. nos. 38, 39, 41 and 42.

Plaintiff, in response to defendant's summary judgment motion, states as follows:

> Ms. Clark hereby withdraws her claims of unpaid wages and retaliation under the FLSA, and any claim for unpaid wages under the OPLA. The only matter remaining in issue is Ms. Clark's claim of retaliatory termination under

>the OPLA, as applied through Oklahoma's **Burk** tort doctrine.

Doc. no. 38, ECF p. 7 (emphasis in original).

A plaintiff who wishes to dismiss less than all of her claims must do so by amending her complaint pursuant to Rule 15(a), Fed. R. Civ. P.  *See*, Carskadon v. Diva Intern., Inc., No. 12-cv-01886-RM-KMT, 2013 WL 1876784, at *2 (D. Colo. May 3, 2013) ("[A] Plaintiff who wishes to dismiss some claims, but not others, should do so by amending the complaint pursuant to Rule 15."); *see also*, Gobbo Farms & Orchards v. Poole Chem. Co., 81 F.3d 122, 123 (10th Cir. 1996) ("[Plaintiff] offers no authority, and we have found none, to support its contention that Rule 41(a)[, Fed. R. Civ. P.,] applies to dismissal of less than all claims in an action.").

Exercising its discretion, the court construes plaintiff's statement of withdrawal of her claims as a motion under Rule 15, Fed. R. Civ. P., to amend her complaint to dismiss her unpaid wages and retaliation claims under the FLSA and to dismiss her unpaid wages claim under the OPLA.  So construed, and mindful that leave to amend should be freely given when justice so requires, *see*, Rule 15(a)(2), Fed. R. Civ. P., the court **GRANTS** the motion.  Rather than require plaintiff to file an amended complaint to eliminate her federal and state law claims, the court **DEEMS** plaintiff's complaint amended to dismiss the unpaid wages and retaliation claims under the FLSA and to dismiss her unpaid wages claim under the OPLA.

The alleged basis of the court's subject matter jurisdiction over this action is federal question jurisdiction under 28 U.S.C. § 1331.  *See*, doc. nos. 1, 8.  Because all federal law claims have been dismissed prior to trial, the court, exercising its discretion, declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining state law claim for retaliatory termination under the OPLA, as applied through Oklahoma's Burk tort doctrine and, accordingly, **DISMISSES**

**WITHOUT PREJUDICE** that state law claim pursuant to 28 U.S.C. § 1367(c)(3). *See*, Exum v. U.S. Olympic Committee, 389 F.3d 1130, 1139 (10th Cir. 2004).

Given the court's ruling, the pending motions for summary judgment (doc. nos. 31 and 33) are **DENIED** as **MOOT**.

A judgment dismissing without prejudice plaintiff's remaining state law claim shall issue separately.

The court retains jurisdiction to enforce, if necessary, the order of November 28, 2022 (doc. no. 44), ordering defendant to pay plaintiff $2,903.25 in fees and expenses assessed in connection with the motion to compel (doc. no. 13).

DATED this 6th day of December, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-1173p010.docx